UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LEONARD P. WLODARCZYK,

                              Plaintiff,

        v.                                                          **DECISION AND ORDER**
                                                                    08-CV-785S

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

1.      Plaintiff Leonard P. Wlodarczyk challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since November 27, 2001 (R. at 92-93)[1], due to arthritis, a heart condition, and limited vision (R. at 535). Plaintiff contends that his impairments render him unable to work. He therefore asserts that he is entitled to disability benefits under the Act.

2.      Plaintiff filed an application for Disability Insurance benefits ("DIB") on November 19, 2002. (R. at 70.) His application was denied initially, after which he requested a hearing before an ALJ. That hearing took place on June 13, 2006. (R. at 531-88.) The ALJ considered Plaintiff's case *de novo*, and on August 14, 2006, issued a decision denying Plaintiff's application for benefits. (R. at 15-26.) On September 5, 2008, the Appeals Council denied Plaintiff's request for review. (R. at 5-8.) Plaintiff filed the current civil action challenging Defendant's final decision on October 23, 2008.[2]

---

[1] November 27, 2001 represents an amended onset date. (R. at 92-93.) Plaintiff initially contended that he was disabled since January 25, 2002. (R. at 71.)

[2] The ALJ's decision became the Commissioner's final decision in this matter after the Appeals Council denied Plaintiff's request for review.

1

3.     Thereafter, Defendant filed a Motion for Judgment on the Pleadings (Docket No. 6), and Plaintiff filed a Cross-Motion for Summary Judgment (Docket No. 8).  After briefing, this Court deemed oral argument unnecessary and took the motions under advisement on June 15, 2009.  For the following reasons, Plaintiff's motion is granted and Defendant's motion is denied.

4.     A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5.     "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153

(S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original);

see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.	While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.	In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since November 27, 2001 (R. at 25); (2) Plaintiff's impairments are "severe" within the meaning of the Act (R. at 25)[3]; (3) Plaintiff's medically determinable impairments do not meet or medically equal an impairment listed in Appendix 1, Subpart P, Regulations No. 404 (R. at 25); (4) Plaintiff retained the residual functional capacity ("RFC") to perform the full range of sedentary work, with certain restrictions (R. at 26); and (5) although Plaintiff is unable to perform any of his past relevant work, he is capable of performing a full range of sedentary work (R. at 24-26). The ALJ therefore concluded that Plaintiff was not disabled. (R. at 25-26.)

10.	Plaintiff advances a number of challenges to the ALJ's decision, one of which

_____

[3] Specifically, the ALJ held that Plaintiff's "status post stroke in calendar year 1998 with bilateral loss of left visual field vision; status post myocardial infarction on February 1, 2002; and arthritis of the hands with onset as of April 2004" constitute severe impairments. (R. at 25.)

is persuasive. Specifically, Plaintiff argues that the ALJ erred by rejecting the medical opinions of his treating physicians, Drs. Robert Gianfagna, Albert Schlisserman, and Theodore Prawak. (Docket No. 9, pp. 16-19.)

As an initial matter, Dr. Prawak is not considered a treating source because he examined Plaintiff only once, on April 7, 2003. (R. at 398-400); see also, e.g., 20 C.F.R. §§ 404.1502, 416.902; Garcia v. Barnhart, No. 01 Civ. 8300, 2003 WL 68040, at 5 n. 4 (S.D.N.Y. Jan. 7, 2003) (holding that doctors who see a patient only once do not have a chance to develop an ongoing relationship with the patient, and therefore are not generally considered treating physicians) (citing cases). Accordingly, only Drs. Gianfagna and Schlissman are considered treating physicians.

Under the "treating physician rule,"[4] the ALJ must give controlling weight to a treating physician's opinion when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000). "If the ALJ rejects the opinion of a treating physician, he must state specific, legitimate, detailed reasons for doing so." Serrano v. Sullivan, No. 86 Civ. 9842, 1990 WL 106796, at *2 (S.D.N.Y. Jul. 27, 1990).

Even if a treating physician's opinion is deemed not to be deserving of controlling weight, an ALJ may nonetheless give it "extra weight" under certain circumstances. Under 20 C.F.R. § 404.1527(d)(1)-(6), the ALJ should consider the following factors when

---

[4] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

determining the proper weight to afford the treating physician's opinion if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination, (2) nature and extent of the treatment relationship, (3) supportability of opinion, (3) consistency, (4) specialization of treating physician, and (5) other factors that are brought to the attention of the court.  See de Roman v. Barnhart, No. 03 Civ. 75 2003 WL 21511160, at *9 (S.D.N.Y. Jul. 2, 2003) (citing 20 C.F.R. § 404.1527(d)(2)).

Applying these principles to the instant case, this Court finds that the ALJ's treatment of Dr. Gianfagna's opinion, which recommended that Plaintiff stand and walk for less than two hours per day and sit for less than six, is not supported by substantial evidence.  The ALJ did not give controlling weight to Dr. Gianfagna's opinion for two reasons.  First, the ALJ found the opinion was inconsistent with the medical evidence of record because "there is a post stress test of the claimant achieving 12 METS without angina."  (R. at 22.)  However, the ALJ failed to explain the meaning of "12 METS," its significance on Plaintiff's RFC, and most importantly, how it is inconsistent with the limitations recommended by Dr. Gianfagna.  See Rivera v. Sullivan, 771 F.Supp. 1339, 1354 (S.D.N.Y. 1991) (remarking that the Commissioner's determination "must contain a sufficient explanation of his reasoning to permit the reviewing court to judge the adequacy of his conclusions").  In any event, this Court is not convinced that this individual report amounts to "substantial evidence in the record" so as to contradict the opinion of Dr. Gianfagna, Plaintiff's cardiologist and treating physician. See 20 C.F.R. § 404.1527(d)(2).[5]

Second, the ALJ found that Dr. Gianfagna's opinion was inconsistent with his own

---

[5] What is more, in the report upon which the ALJ so heavily relied, it stated that Plaintiff's heart rate was "probably influenced by beta blocker."  (R. at 353.)

treatment notes because "there are no reports of angina occurring without exertion such as shoveling of snow or chopping of ice."  (R. at 22).  However, there is evidence in the record to suggest that Plaintiff has experienced angina without exertion.  For example, in a report dated January 3, 2003, Dr. Gianfagna indicated that Plaintiff experiences angina "at any workload. . . ."  (R. at 352.)  Although Dr. Gianfagna expressed his surprise that Plaintiff would experience angina at any workload because he lacked "significant fixed coronary artery disease," Dr. Gianfagna subsequently found, on two separate occasions, that despite the absence of significant fixed coronary artery disease, Plaintiff had "persistent angina pectoris."  (R. at 420-421.)[6]

In any event, even if this Court were to find that the ALJ correctly determined that Dr. Gianfagna's opinion was not entitled to controlling weight, the ALJ failed to discuss whether his opinion was entitled to extra weight.  Nor did the ALJ evaluate any of the factors under the regulations in order to determine what weight should be extended to his opinion.  See 20 C.F.R. § 404.1527(d)(2).  This amounts to reversible error.  See Jones v. Astrue, No. 07 Civ. 276, 2008 WL 4372653, at *4 (W.D.N.Y. Sep. 18, 2008) (remanding the case after finding that the ALJ failed to adequately explain whether treating physician's opinion was entitled to controlling or extra weight).  Accordingly, this Court will remand the case to allow the ALJ to properly consider Dr. Gianfagna's opinion.

11.    On remand, the Commissioner should also address Plaintiff's other points of contention.  For example, Plaintiff argues that the ALJ failed to consider the opinion of

---

[6] In his report dated February 9, 2004, Dr. Gianfagna did note that Plaintiff experienced episodes of angina, which are "always exertional with a heavy activity such as chopping ice."  (R. at 421.)  This statement, however, does not eliminate the fact that there is countervailing evidence, which the ALJ failed to mention, indicating that Plaintiff experiences angina at any workload.

Dr. Schlisserman, his ophthalmologist, who diagnosed Plaintiff with left homonymous hemianopsia. Plaintiff also argues that the ALJ should have considered him a credible witness, he failed to properly evaluate his combination of impairments, and erred in finding that he could perform the full range of sedentary work. This Court offers no opinion on these points of contention at this time since the case is being remanded.

12. After carefully examining the administrative record, this Court finds cause to remand this case to the ALJ for further administrative proceedings consistent with this decision. Plaintiff's Motion for Judgment on the Pleadings is therefore granted. Defendant's motion seeking the same relief is denied.


IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 6) is DENIED.

FURTHER, that Plaintiff's Cross-Motion for Summary Judgment (Docket No. 8) is GRANTED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated:   March 3, 2010
             Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court

8